GALINA KLETSER JAKOBSON, ESQ.
Nevada Bar No. 6708
MICHAEL M. EDWARDS, ESQ.
Nevada Bar No. 6281
KATHY A. MCCARTHY, ESQ.
Nevada Bar No. 11204
**FREEMAN MATHIS & GARY, LLP**
770 E. Warm Springs Road, Suite 360
Las Vegas, Nevada 89119
Tel.: 725.258.7360
Fax: 833.336.2131
Galina.Jakobson@fmglaw.com
Michael.Edwards@fmglaw.com
Kathy.McCarthy@fmglaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARGONAUT MIDWEST INSURANCE COMPANY, a Nebraska Corporation,<br><br>Plaintiff,<br><br>v.<br><br>YOU MOVE WE MOVE, INC., a Nevada Corporation, ALFONSO PEREZ-GARCIA, a Nevada resident, JOSE DE JESUS IBARRA, a Nevada resident, DOES 1-20, DOE CORPORATIONS 1-20,<br><br>Defendants. | Case No.: 2:25-cv-00376<br><br>**COMPLAINT TO INTERPLEAD UNDERINSURED MOTORIST INSURANCE POLICY LIMITS** |

Plaintiff ARGONAUT MIDWEST INSURANCE COMPANY, for its interpleader claim against defendants YOU MOVE WE MOVE, INC., a Nevada Corporation, ALFONSO PEREZ-GARCIA, a Nevada resident, JOSE DE JESUS IBARRA, a Nevada resident, DOES 1-20, DOE CORPORATIONS 1-20, alleges and states:

/ / /

/ / /

## I.    JURISDICTION

1.    Plaintiff ARGONAUT MIDWEST INSURANCE COMPANY ("AMIC") is an insurance company organized and existing under the laws of the State of Nebraska with its principal place of business in the State of Illinois.

2.    AMIC is informed and believes that Defendant YOU MOVE, WE MOVE, INC. ("YMWM") is a corporation organized and existing under the law of the State of Nevada, with its principal place of business at 5243 E Lake Mead Blvd, 101, Las Vegas, NV, 89156.

3.    AMIC is informed and believes that Defendant ALFONSO PEREZ-GARCIA, ("PEREZ-GARCIA") is an individual residing in Clark County, Nevada.

4.    AMIC is informed and believes that Defendant JOSE DE JESUS IBARRA ("IBARRA") is an individual residing in Clark County, Nevada.

## II.    BACKGROUND FACTS

5.    Upon information and belief, on or about April 6, 2024, Defendants PEREZ-GARCIA and IBARRA were involved in an accident with a purported underinsured driver. A true and correct copy of the State of Nevada Traffic Crash Report is attached hereto as Exhibit 1.

6.    Defendants PEREZ-GARCIA and IBARRA submitted an underinsured motorist claim pursuant to PEREZ-GARCIA's employer's, YMWM's Commercial Auto Policy issued by AMIC.

7.    AMIC issued Commercial Auto Policy, policy number GP8549002, policy period August 27, 2023 to August 27, 2024 ("Policy"). The Policy includes a Nevada Uninsured Motorist Coverage Form, ("UM Coverage Form") providing coverage in the amount of $100,000. A true and correct copy of the Policy is attached hereto as Exhibit 2.

8.    The UM Coverage Form sets forth, in relevant part:

### NEVADA UNINSURED MOTORIST COVERAGE
***

| **Limit Of Insurance:** $100,000 | **Each "Accident"** |
|---|---|
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

\*\*\*

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.

2. With respect to a vehicle as defined in Paragraph **a.** or **b.** of the definition of "uninsured motor vehicle", we will pay damages only in excess of the amount available to an "insured" under any bodily injury liability bonds or policies applicable to the "uninsured motor vehicle"

\*\*\*

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

\*\*\*

**2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

**C. Exclusions**

This insurance does not apply to any of the following:

\*\*\*

**4.** Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

**5.** Any damages to the extent that they are or were available to be paid to an "insured" under any bodily injury liability bonds or policies applicable to the "uninsured motor vehicle" as defined in Paragraph **a.** or **b.** of the definition of "uninsured motor vehicle".

\*\*\*

\*\*\*

**F. Additional Definitions**

As used in this endorsement:

\*\*\*

2.  "Occupying" means in, upon, getting in, on, out or off.

3.  "Uninsured motor vehicle" means a land motor vehicle or "trailer":

    a.  For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicab1e law where a covered "auto" is principally garaged;

    b.  That is an underinsured motor vehicle. An underinsured motor vehicle is a land motor vehic1e or "trailer" to which a liability bond or policy applies at the time of the "accident", but the amount paid under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is 1egally entit1ed to recover as damages.

\*\*\*

9.      Defendants PEREZ-GARCIA and IBARRA, through counsel, represented that they were permissive users of a "covered auto" and were involved in an accident with an "underinsured motor vehicle" and therefore qualified as insureds under, and were entitled to coverage, pursuant to UM Coverage under the Policy.

10.     Pursuant to the representations made by Defendants PEREZ-GARCIA and IBARRA, the requirements for UM Coverage appeared at first to be satisfied, at least based on the specific facts and circumstances in this particular case.  As such, AMIC agreed to pay the UM Coverage policy limits.

11.     Prior to paying the UM Coverage limits to Defendants PEREZ-GARCIA and IBARRA, the insurance agent for Defendant YMWM, Chelsy Alcazar of Alcazar Insurance, contacted AMIC to request that the claim be rejected and closed.  Ms. Alcazar advised that Defendant PEREZ-GARCIA worked for the body shop that had been hired to perform some cosmetic work to YMWM's insured's vehicle, a Nissan Rogue and, at the time of the accident, the Nissan Rogue was under Defendant PEREZ-GARCIA'S care. Therefore, the uninsured motorist's claim should have been processed through Defendant PEREZ-GARCIA'S own business policy.

12.     Counsel for Defendant PEREZ-GARCIA, Andrew Stikovac ("Mr. Stikovac"), responded to Ms. Alcazar. Mr. Stikovac indicated that Defendant PEREZ-GARCIA repairs automobiles for YMWM; he does not work for another body shop and he does not have his own business license. Mr. Stikovac asserted that Defendant PEREZ-GARCIA routinely picks up YMWM's vehicles at its dealership,

drives them to his residence to work on them in his garage, then drives them back to the dealership, which is what he was doing when the motor vehicle collision occurred. Mr. Stikovac stated that this regular pattern of vehicle collection and return was known to YMWM such that Defendant PEREZ-GARCIA's driving of the vehicle constituted permissive use.  He stated that YMWM was only fighting the claim so that its insurance rates would not rise and he threatened litigation if the settlement was not honored.

13.    The claims of Defendants are conflicting and Plaintiff AMIC is unable to determine which of the respective claims is valid or to whom, if anyone, the money may be paid without risking double or multiple liability.

14.    The respective claims made by Defendants, and each of them, are adverse and conflicting, and made without Plaintiff's collusion. Plaintiff is amenable for the Court to determine which of the claims are valid.

15.    This interpleader action seeks equitable relief and is automatically exempted from arbitration.

16.    This Court has the power to determine, in interpleader, the rights of the Defendants with regard to the settlement monies pursuant to NRCP 22 and *Edward J Achrem v. Expressway Plaza Ltd. Partnership*, 112 Nev. 737, 917 P.2d 447 (1996).

WHEREFORE, Plaintiff, ARGONAUT MIDWEST INSURANCE COMPANY, prays as follows:

1.    That Defendants appear and answer to establish whatever claims they have with respect to the settlement proceeds;

2.    That the Court determine which of the parties are entitled to the proceeds of the award and to what extent each party shall rightfully be paid;

3.    That Plaintiff be discharged from any and all liability to Defendants, and each of them;

4.    That each of the Defendants be restrained until further Order of this Court from instituting or further prosecuting any other proceeding against Plaintiff in any court affecting the rights and obligations between the parties to this action; and

5.   For such other and further relief as the Court may deem proper under the circumstances.

Dated this 27th day of February 2025.

FREEMAN MATHIS & GARY, LLP

/s/   Michael M. Edwards
Galina Kletser Jakobson, Esq.
Nevada Bar No. 6708
Michael M. Edwards, Esq.
Nevada Bar No. 6281
Kathy A. McCarthy, Esq.
Nevada Bar No. 11204
770 E. Warm Springs Rd., Ste. 360
Las Vegas, Nevada  89119
Attorneys for Plaintiff