UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Argonaut Midwest Insurance Company, | Case No. 2:25-cv-00376-CDS-NJK |
| Plaintiff | **Order Granting Plaintiff's Motion for Default Judgment and Motion to Dismiss, Discharge and Attorney's Fees** |
| v. | |
| You Move We Move, Inc., et al., | [ECF Nos. 17, 23, 32] |
| Defendants | |

This is an interpleader action filed by Argonaut Midwest Insurance Company against You Move We Move, Inc (YMWM), Alfonso Perez-Garcia, and Jose De Jesus Ibarra. *See* Compl., ECF No. 1. On June 23, 2025, Argonaut filed a motion for default judgment against YMWM. Mot. for default, ECF No. 17. Thereafter, Argonaut filed an errata to its motion. *See* Errata, ECF No. 23. Then, on October 15, 2025, Argonaut filed a motion for discharge from liability, for dismissal, and for attorney's fees. Mot. to dismiss. ECF No. 32.[1] This motion is fully briefed. *See* Resp., ECF No. 33;[2] Reply, ECF No. 35. Because the motion for default judgment complies with Federal Rule of Civil Procedure 55 and is unopposed, I grant the motion. I also grant the plaintiff's motion for discharge and award attorney's fees.

---

[1] Counsel is cautioned that its motion violates Local Rule IC 2-2(b), requiring for each type of relief sought to be filed as a separate motion. Nonetheless, for judicial efficiency, I address all relief sought in this order.

[2] Perez-Garcia and Ibarra filed an errata to their response. *See generally* ECF No. 34.

I.      Discussion

   A.  Argonaut's motion for default judgment is granted.

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> (b) Entering a Default Judgment.
>       (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>       (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and 55(b) provide a two-step process for obtaining a default judgment); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment.").

Here, Argonaut has satisfied both steps under Rule 55. First, Argonaut moved for entry of default against defendant YMWM on May 1, 2025. Mot. for default, ECF No. 10. The Clerk of the Court entered default on May 16, 2025. Default, ECF No. 12. Second, Argonaut moved for default judgment against YMWM on June 23, 2025. ECF No. 17.

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The allegations in the complaint are as

follows. On or around April 6, 2024, defendants Perez-Garcia and Ibarra were involved in an accident with a purported underinsured driver. ECF No. 1 at 2, ¶ 5. Defendants Perez-Garcia and Ibarra submitted an underinsured motorist claim to Argonaut who issued a commercial auto policy to YMWM.[3] *Id.* at ¶ 6. The Policy included Nevada uninsured motorist coverage in the amount of $100,000. *Id.*

Perez-Garcia and Ibarra represented that, under The Policy, they were permissive users of a "covered auto," were involved in an accident with an "underinsured motor vehicle," that they qualified as insureds, and that they were entitled to coverage pursuant to the UM provisions. ECF No. 1 at ¶ 9. Argonaut had agreed to pay the UM coverage policy limits; however, prior to paying the policy limits to Perez-Garcia and Ibarra, the insurance agent for YMWM, Chelsy Alcazar, contacted Argonaut, requesting that the claim be rejected and closed. *Id.* at ¶¶ 10–11. Alcazar advised Argonaut that Perez-Garcia worked for the body shop that had been hired to perform cosmetic work to YMWM's insured's vehicle but was not an employee of YMWM at the time of the accident, and the vehicle was under Perez-Garcia's care. *See id.* at 4, ¶ 11. Alcazar also advised that the uninsured motorist's claim should be processed through Perez-Garcia's own business policy. *Id.*

Argonaut asserts that the defendants' claims conflict and that it is unable to determine which of the respective claims are valid or to whom the money may be paid without risking double or multiple liability. ECF No. 1 at 5, ¶ 13. As such, it brings this interpleader[4] action. *See generally* ECF No. 1. Based on those allegations, Argonaut seeks default judgment against YMWM, arguing that the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh heavily in favor of granting default judgment. ECF Nos. 17, 23.

---

[3] Argonaut issued commercial auto policy number GP8549002 ("The Policy"). *Id.* at ¶ 7.

[4] Interpleader is intended to "protect stakeholders from multiple liability as well as the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

### 1. *Factor one: prejudice to Argonaut*

Argonaut argues that, without default, it will be prejudiced because it may be exposed to litigation with defendant YMWM in the future over disposition of the insurance proceeds. ECF No. 23 at 4. I agree. Argonaut served YMWM's President, Felipe Ochoa, on March 18, 2025. Summons, ECF No. 6. However, YMWM has failed to defend against this action to resolve that dispute. Without default, Argonaut will be prejudiced if default judgment is not entered in its favor because it has no other way to litigate an interpleader claim. *See W. Rsrv. Life Assur. Co. of Ohio v. Canul*, 2012 WL 844589, at *2 (E.D. Cal. Mar. 12, 2012) (finding that the plaintiff "would be prejudiced if a default judgment is not granted" because the plaintiff "has no other alternative by which to evaluate [d]efendant's claim to the life insurance policy"). Thus, this factor weighs in Argonaut's favor.

### 2. *Factors two and three: the merits of the claims and sufficiency of the complaint*

The second and third *Eitel* factors look at (1) the merits of a plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that a plaintiff "state a claim on which [it] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citation modified). I find that the complaint satisfies this requirement. It establishes a dispute over the insurance policy funds. ECF No. 1 at 5, ¶ 13 (explaining the defendants' claims conflict and it is unable to determine which respective claims is valid). Without resolving that dispute, the funds cannot be disbursed. *See Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, at *3 (C.D. Cal. June 10, 2016). So both factors two and three also weigh in favor of granting default judgment.

### 3. *Factor four: the amount of money at stake*

Under the fourth factor, the court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. However, in an interpleader action, this factor is usually neutral because the plaintiff is not asserting an

4

interest in the interpleaded funds but rather is seeking relief to divest itself of any such interest. *See Transamerica Life Ins. Co. v. Est. of Ward*, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011) (finding the nearly $400,000 at stake "a significant sum of money" but nonetheless finding the fourth *Eitel* factor neutral where "[the plaintiff] is not asserting an interest in those funds and . . . seeks to resolve the conflicting claims to the interplead funds and ensure that the funds are released to the proper party so that no outstanding claims thereto remain"). This case is no different. The plaintiff has not asserted an interest in the funds, and indeed, the funds were deposited with the court. *See* Cert. of cash deposit, ECF No. 31. So this factor is neutral.

### 4.   *Factor five: the possibility of a dispute concerning material facts*

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. As noted above, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Here, Argonaut sufficiently pleaded a dispute of funds between the defendants, so there is no factual dispute that would preclude entry of judgment. I also note that Perez-Garcia and Ibarra did not file an opposition to the motion for default judgment. Thus, the fifth factor weighs in favor of granting Argonaut's motion.

### 5.   *Factor six: the possibility of excusable neglect*

"The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect." *Landstar Ranger, Inc. v. Parth Enters. Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* Defendant YMWM was served. *See* ECF No. 6. But, as already noted, YMWM has failed to defend against this action. Thus, there is no evidence before me suggesting that YMWM's failure to respond is due to excusable neglect. Accordingly, this factor also weighs in favor of granting Argonaut's motion. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam)

(holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

### 6. *Factor seven: the policy of resolving cases on the merits*

The seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although "[c]ases should be decided upon their merits whenever reasonably possible," *id.*, "Rule 55(a) allows a court to decide a case before the merits are heard if [a] defendant fails to appear and defend." *Landstar Ranger*, 725 F. Supp. 2d at 922. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one. Although a decision on the merits is desirable, where a defendant fails to appear and respond, default judgment is appropriate. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). So this factor also weighs in favor of entering default judgment.

Almost all *Eitel* factors weigh in favor of the entry of default judgment against YMWM. Accordingly, Argonaut's motion for default judgment is granted. As a result of YMWM's default, the remaining defendants are entitled to the disputed funds. *See Nationwide Mutual Life Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").

### B. Argonaut's motion for discharge and attorney's fees is granted.

Argonaut seeks to be discharged and dismissed from liability associated with the proceeds of the uninsured motorist policy and seeks $7,994.50 as its reasonable attorney's fees and $845.45 as its costs. ECF No. 32. It also seeks to permanently enjoin all defendants from pursing any action against it in relation to this matter. *Id.* at 4. In response, Perez-Garcia and Ibarra filed an opposition, arguing that Argonaut's request is premature and that it is not entitled to attorney's fees and costs. *See* ECF Nos. 33, 34. They alternatively, do not oppose

Argonaut's request for discharge from liability, and propose a stipulated agreement regarding the manner of disbursement and distribution of interpleaded funds. ECF No. 34 at 5.[5]

### 1. Discharge and dismissal from the action

Argonaut seeks an order dismissing it from this action and discharging it from any liability arising from the subject uninsured motorist policy claim. ECF No. 32 at 4. Specifically, Argonaut asserts that it complied with the interpleader rules and should be discharged from any liability. *Id.* In opposition, Perez-Garcia and Ibarra assert that because Argonaut is seeking attorney's fees, it is not a disinterested stakeholder. ECF No. 34 at 4. In particular, they argue that while Argonaut deposited the full policy limits, its subsequent request to extract fees from those limits places it in a similar position of having an interest in the fund, making discharge inappropriate at this stage. *Id.* at 4–5.[6] In essence, their argument is—"if [Argonaut's] duties are not fully exhausted by merely depositing the UM limits, or if there are other aspects of liability beyond the UM policy itself, then dismissal and discharge from *all* liability related to the UM policy would be inappropriate." *Id.* at 5.

"Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of [28 U.S.C. § 1335], '[t]he Court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake.'" *See John Hancock Life Ins. Co. v. Jacobs*, 2014 U.S. Dist. LEXIS 19283, at *4 (D. Nev. Feb. 13, 2014) (citing *N.Y. Life Ins. Co. v. Apostolidis*, 841 F.Supp.2d 711, 720 (E.D.N.Y. 2012) (quoting 4 James Wm. Moore et al., Moore's Federal Practice § 23.03[2][a] (3d ed. 2005)); *see also Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962) (explaining that district courts, in interpleader

---

[5] Because I grant Argonaut's motion for discharge, I do not address the defendants' alternative argument.
[6] The defendants also argue that the court should deny Argonaut's request for discharge because it has not entered default judgment against YMWM; however, this argument is now moot considering the court's ruling in this order.

actions, "may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." (citing 28 U.S.C. § 2361)).

Because Argonaut has met the jurisdiction requirements of § 1335 and has deposited the $100,000.00 policy limit (ECF No. 31), I find that it is discharged and dismissed from this action. I further enjoin the defendants from pursuing any future action against Argonaut in relation to the policy claim at issue. *See* 28 U.S.C. § 2361; *see also John Hancock Life Ins. Co.*, 2014 U.S. Dist. LEXIS 19283, at *4 (explaining a district court has authority to issue a permanent injunction).

### 2. *Plaintiff's request for attorney's fees*

Argonaut asserts it is entitled to an award of reasonable attorney's fees and costs for bringing this interpleader action. ECF No. 32 at 5. Argonaut seeks $8,839.95 in reasonable attorney's fees and costs incurred in filing this action and pursuing release from liability. *Id.* at 9. In opposition, Perez-Garcia and Ibarra argue that Argonaut is seeking to diminish the fund available to the claimants by asserting an interest in the fund (fees sought), which disqualifies it from an award of attorney's fees and costs. ECF No. 34.

I find Perez-Garcia and Ibarra's arguments unpersuasive for two reasons. First, their objection does not comply with Local Rule 54-14(d) (explaining "[i]f an opposition is filed, it must set forth the **specific charges** that are disputed and state with reasonable particularity the basis for the opposition. The opposition must include affidavits to support any contested fact.").[7] Second, I find that the fees sought satisfies the Lodestar requirements.

"Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984) (citation omitted). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234

---

[7] In regard to the amount being sought, the defendants conclusively argue it "could be considered excessive and not modest." ECF No. 34 at 6. However, they provide no support for their position.

F.3d 415, 426 (9th Cir. 2000) (affirming a district court's award of $3,000.00 in fees when the stakeholder had requested $97,000.00).

When the stakeholder requesting fees is an insurance company, interpleader actions offer two distinct benefits. *Transamerica Life Ins. Co. v. Shubin*, 2012 U.S. Dist. LEXIS 95399, at *22 (E.D. Cal. July 10, 2012). First, "the availability of attorneys' fees for interpleader plaintiffs recognizes that by bringing the action, the plaintiff benefits all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation." *Tise*, 234 F.3d at 436 (cleaned up). Second, interpleader is a "valuable procedural device" for insurance companies that are faced with competing claims because it provides a way for the insurance companies to "disclaim[] any position as to which of the claimants is entitled to the fund." *Id.*; *see also Metro. Life Ins. Co. v. Billini*, 2007 WL 4209405, at *3 (E.D. Cal. Nov. 27, 2007).

The Ninth Circuit has not barred recovery of fees and costs when the stakeholder is an insurance company, but has explained that fee awards in interpleader actions are "typically modest" because "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise*, 234 F.3d at 426–27; *see also Allianz Life Ins v. Agorio*, 852 F. Supp. 2d 1163 (N.D. Cal. 2012); *Billini*, 2007 WL 4209405, at *3.

The court "undertakes a lodestar analysis to guide its determination regarding the appropriate amount of attorneys' fees and costs." *Allianz Life Ins.*, 852 F. Supp. 2d at 1163 (citation omitted). Fees that are compensable include "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action," as well as seeking entry of default judgment. *See Tise*, 234 F.3d at 426–27; *Wells Fargo Bank, Nat'l Ass'n v. PACCAR Fin. Corp.*, 2009 WL 211386, at *2 (E.D. Cal. Jan. 28, 2009).

Argonaut deposited $100,000 and seeks $8,839.95 in its request for attorney's fees and costs. *See* ECF No. 32 at 9; Decl., Pl.'s Ex. A, ECF No. 32-1 at 2–5; Activity report, Pl.'s Ex. A-1, ECF No. 32-1.

a.    *Hourly rates*

Argonaut counsel's billing rate is $295.00 an hour. Pl.'s Ex. A, ECF No. 32-1 at 4, ¶ 19. The burden of establishing entitlement to an attorney's fee award lies solely with the claimant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). As such, Argonaut must establish that the requested rates are reasonable in the Las Vegas, Nevada, region. *See Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991) ("Generally, the relevant community is one in which the district court sits."); *see also Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000). Here, Argonaut has indeed provided an affidavit asserting that its charges are customary to interpleader actions. ECF No. 32-1 at 4; ECF No. 32 at 9 (explaining three other cases where attorney's fees were awarded in the District of Nevada). Accordingly, the hourly rates requested by counsel are appropriate and should be awarded.

b.    *Hours expended*

Argonaut spent 27.10 hours working on this matter. Pl.'s Ex. A, ECF No. 32-1 at 4, ¶ 19. Attorney's fees in an interpleader action are limited to time expended on preparing the complaint, providing service of process on the claimants to the fund, obtaining default judgment, and preparing an order discharging the plaintiff from liability and dismissing it from the action. *Tise*, 234 F.3d at 426–27; *PACCAR Fin. Corp.*, 2009 WL 211386, at *2. Based on those limitations, I have reviewed the billing records and find that they appropriately fall within the perimeters permitted for attorney's fees. *See* ECF No. 32-1 at 7 (providing a summary of the

breakdown of the attorney analysis and drafting dispositive motions); *id.* at 9–16 (plaintiff's counsel excluded additional hours from attorney's fees). The court does not consider this to be an immodest amount that unnecessarily depletes the fund at the expense of the party ultimately entitled to the proceeds. *See Tise*, 234 F.3d at 427.

### c.  Costs

Argonaut also requests $845.45 in cost. ECF No. 32. Counsel incurred this amount directly related to the interpleader, and this includes the filing fee and fees for service on the defendants. ECF No. 32-1 at 5; Pl.'s Ex. 1 at 17, 19–25. This amount is reasonable and should be awarded.

## II.  Conclusion

IT IS HEREBY ORDERED that Argonaut's motion for default judgment **[ECF Nos. 17, 23] is GRANTED**. The Clerk of Court is kindly instructed to enter default judgment in favor of Argonaut Midwest Insurance Company and against You Move We Move, Inc.

IT IS FURTHER ORDERED that Argonaut's motion for discharge, dismissal, and attorney's fees and costs **[ECF No. 32] is GRANTED** as set forth in this order. Argonaut is entitled to attorney's fees in a total amount of $7,994.50 and $845.45 in costs. Argonaut is dismissed from this action with prejudice and discharged from any further liability arising out of or related to the Uninsured Motorist Policy. Defendants You Move We Move, Alfonso Perez-Garcia, and Jose de Jesus Ibarra are permanently enjoined from asserting or bringing any claims against Argonaut relating to the proceeds of the UM Policy.

Dated: March 19, 2026

_____
Cristina D. Silva
United States District Judge